IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDALL S. DEGEER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No: 09 CV 06974 |
| | ) |
| M. SCOTT GILLIS; | ) |
| JOSEPH R. SHALLECK; and | )   JURY DEMANDED |
| LEROY J. MERGY, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF RANDALL S. DEGEER'S MOTION TO COMPEL
DEFENDANTS M. SCOTT GILLIS, JOSEPH R. SHALLECK AND LEROY J.
MERGY TO ANSWER PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Plaintiff, Randall S. DeGeer, ("DeGeer"), by his undersigned attorneys and pursuant to Federal Rules of Civil Procedure 33 and 37, moves this Honorable Court to compel Defendants M. Scott Gillis ("Gillis"), Joseph R. Shalleck ("Shalleck") and Leroy J. Mergy ("Mergy") (collectively, "Defendants") to answer DeGeer's Second Set of Interrogatories within seven days. In support of his Motion, DeGeer states as follows:

1.     DeGeer filed his Complaint on November 5, 2009, alleging that Defendants took from DeGeer over three million dollars. Defendants did not answer until July 2, 2010, after a failed attempt to have this case dismissed. Defendants' answer includes a counterclaim, which DeGeer believes is frivolous.

2.     DeGeer issued his Second Set of Interrogatories to Defendants on August 3, 2010 (Exhibit A.) There are 21 separately numbered interrogatories in that document. The interrogatories primarily inquire into the evidence Defendants have to support the allegations in

1

their counterclaim. DeGeer's First Set of Interrogatories contained four interrogatories (Exhibit B.) DeGeer has therefore issued a total of 25 interrogatories to Defendants.

3. Counsel for Defendants, Joe Siders, requested an extension of time (up to and including September 15, 2010) for Defendants to answer DeGeer's Second Set of Interrogatories, to which counsel for DeGeer, Kasey Folk, agreed.

4. On September 15, 2010, Defendants served their "Objection to Plaintiff's Second Set of Interrogatories" (Exhibit C.) It is a one paragraph document in which Defendants object to DeGeer's Second Set of Interrogatories in their entirety, claiming that DeGeer has exceeded the limit of 25 interrogatories pursuant to Federal Rule of Civil Procedure 33.

5. On September 16, 2010, Ms. Folk had a telephone conversation with Mr. Siders, in an attempt to resolve this issue. Mr. Siders informed Ms. Folk that some of the 21 interrogatories contained in DeGeer's Second Set of Interrogatories contain multiple inquiries within a single interrogatory and thereby violated Federal Rule of Civil Procedure 33. Mr. Siders did not reveal to Ms. Folk which interrogatories allegedly contained multiple parts and instead instructed her to put a request for that information in writing to counsel for Defendants.

6. DeGeer's Second Set of Interrogatories does not violate Rule 33. The interrogatories are primarily intended to ascertain the evidence Defendants have to support discrete allegations in Defendants' counterclaim. For example, Interrogatory No. 1 asks Defendants to "[d]escribe with particularity what Gary Holdren ("Holdren") and DeGeer discussed on or about August 28, 2008, as alleged in Paragraph 17 of Defendants' Counterclaim, identify each and every witness to those discussions, and identify each and every document reflecting, referring or relating to those discussions." This is one interrogatory. As the Committee Comments to the 1993 Amendments to Rule 33 note, "a question asking about

2

communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."

7. In the event this Court disagrees, DeGeer requests that this Court grant him leave to serve his Second Set of Interrogatories nonetheless, and to require Defendants to answer them within seven days. These interrogatories simply request information supporting Defendants' Counterclaim, and Defendants have had these interrogatories since early August.

8. Judge Bucklo recently entered a fact discovery cut-off date of November 19, 2010 (Exhibit D.) DeGeer intends to abide by that discovery schedule. Defendants have sought to delay this case at every turn, and their recent request for an extension of time to answer discovery, which they then answered with a one paragraph objection on the extension due date, is further evidence of their intent to delay. Defendants should not be allowed to further delay discovery in this case.

9. After consultation by telephone and having made good faith attempts to resolve differences, counsel have been unable to come to an accord.

**WHEREFORE,** Plaintiff Randall S. DeGeer respectfully requests that this Court compel Defendants M. Scott Gillis, Joseph R. Shalleck, and Leroy J. Mergy to answer DeGeer's Second Set of Interrogatories in seven (7) days, and to grant any other relief the Court deems just.

By: **s/Kasey M. Folk**
One of the Attorneys for Plaintiff

Peter M. King
William H. Jones
Kasey M. Folk
Dorothy D. Moran
**CANEL, KING & JONES**
10 South LaSalle Street, Suite 3400
Chicago, IL 60603
312/372-4142
kfolk@kingjoneslaw.com